UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HEMAD JANFESHAN,

                Plaintiff,                                  **ORDER**
      - against -                                       **16 CV 6915 (ARR)(LB)**

U.S. CUSTOMS AND BORDER PROTECTION;
R. GIL KERLIKOWSKIE, COMMISSIONER, U.S.
CUSTOMS & BORDER PROTECTION; U.S.
DEPARTMENT OF HOMELAND SECUIRTY; JEH
JOHNSON, SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY,

                Defendants.

-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       The Court held an initial conference by telephone in this matter on December 29, 2016.[1] Plaintiff's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 2.) Plaintiff's counsel shall serve the summons and complaint upon the defendants as set forth in Federal Rule of Civil Procedure 4(i).

       As discussed on the record, defendants' "Motion to Amend/Correct/Supplement", which seeks an order allowing Customs and Border Protection ("CBP") to conduct a lawful border search of plaintiff's cellular phone, is granted. (ECF No. 10.) The Court shall not prohibit CBP from commencing the border search of plaintiff's cellular phone. However, CBP, and any filter team, shall not open or review any

---

[1] This matter was assigned to me as related to <u>Janfeshan v. Kerry, et al</u>, No. 16 CV 4324 (hereinafter "Janfeshan I"). In Janfeshan I, plaintiff sought declaratory and injunctive relief permitting plaintiff to return to the United States from Egypt. The parties reached an agreement to resolve the matter and on December 21, 2016, plaintiff voluntary withdrew the case without prejudice. Prior to withdrawing the case, plaintiff filed a motion for a temporary restraining order regarding the seizure of his cellular phone by CBP at JFK airport arguing that there was information on the phone that is protected by the attorney-client privilege. (ECF No. 10.) Judge Ross directed the parties to file any motion in a new action as the object of Janfeshan I was accomplished by plaintiff's return to the United States on November 20, 2016. (ECF No. 13.) The Government agreed not to search plaintiff's cellular phone pending resolution of the privilege issue by the Court. (ECF No. 12.) On December 21, 2016, plaintiff filed the instant action (hereinafter "Janfeshan II") asserting a Fourth Amendment challenge to the search of plaintiff's phone in addition to the attorney-client privilege claim regarding information on the phone.

communication between plaintiff and his counsel. This includes any communication between plaintiff and the following individuals: Naz Ahmad; Kelly Burnett; Hugh Handeyside; Tarek Ismail; Ramzi Kassem; Diala Shamas; and Craig (CJ) Small.[2]

The Court urges the parties to continue to discuss a resolution of this action.

SO ORDERED.

Dated: December 29, 2016  
      Brooklyn, New York

          /S/  
LOIS BLOOM  
United States Magistrate Judge

---

[2] These individuals were listed in in the November 29, 2016 email by Naz Ahmad, one of plaintiff's counsel, to Kimberly Kelly, Senior Attorney at the Office of the Associate Chief Counsel for CBP. (See Janfeshan I, ECF No. 10-2 at p. 21.)