**CLEAR**

**C**REATING
**L**AW
**E**NFORCEMENT
**A**CCOUNTABILITY &
**R**ESPONSIBILITY

Main Street Legal Services, Inc.
CUNY School of Law
2 Court Square
Long Island City, NY 11101-4356
www.cunyclear.org

January 13, 2017

**VIA ECF**

Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Janfeshan v. USCBP, et al.*, 16-CV-6915 (ARR) (LB) (E.D.N.Y.)

Dear Magistrate Judge Bloom:

  We write in response to Defendants' Motion to Amend/Correct/Supplement of January 10, 2017, and pursuant to this Court's Scheduling Order of January 11, 2017.

  Defendants assert the need to modify the Court's December 29, 2016 order given "technology-based limitations", and seek more information from Plaintiff in order to proceed with a search which would violate the parameters set forward by this Court. Defs.' Mot., ECF No. 17.[1] Instead, it is Defendant Customs and Border Protection (CBP) who should provide appropriate details regarding the software tools they intend to use and their limitations in this context so that the Court and Mr. Janfeshan might facilitate compliance with the Court's standing order.

  On January 5, 2017, Defendants' counsel notified Mr. Janfeshan through counsel that CBP was prepared to return his smart phone. Mr. Janfeshan, through counsel, requested its return on the reasonable assumption that Defendant CBP had complied with the Court's December 29 Order in conducting any search. Mr. Janfeshan received his physical telephone by UPS mail on January 9, 2017. A day later, on January 10, 2017, counsel for Defendants filed this motion, maintaining that Defendant CBP intended to conduct a full forensic search of "the material stored on Plaintiff's cellular phone…without further delay" upon leave of this Court. Defs.' Mot., ECF No. 17. It seems, therefore, that Defendant CBP has seized a full physical forensic copy of all of the contents of Mr. Janfeshan's smart phone, including all privileged communications.

---

[1] Defendants moved this Court without having fulfilled their obligation to confer with opposing counsel in an effort to resolve the concern at issue in this non-dispositive motion. E.D.N.Y. Local Civ. R. 37.3. ("Prior to seeking judicial resolution of a … non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute…"). Defendants' counsel never contacted us prior to filing the instant motion.

At the very least, that seizure is in tension with, if not a violation of, this Court's December 29 Order prohibiting Defendant CBP from opening or reviewing any communication between Mr. Janfeshan and his counsel. Order of Mag. J. Bloom, ECF No. 15. If Defendants are prohibited from opening or reviewing those privileged communications, then, *a fortiori*, they should not be permitted to copy and retain full copies of those same communications. Defendants, through their counsel, should have first informed the Court and Plaintiff's counsel of their alleged technical issues before taking the step of downloading and retaining a full forensic copy of Mr. Janfeshan's smart phone.

What is more, beyond acknowledging a possible violation of the Court's order, Defendant CBP admits in its motion – by anticipating a "resulting investigation or prosecution" – that the purpose of its intended search is beyond the government interests protected by the border search exception to the Fourth Amendment. Def.'s Mot., ECF No. 17. Mr. Janfeshan maintains his objection to the unconstitutional search and seizure of his phone or any data retrieved from his smart phone, which now sits on CBP computers, and – potentially – the computers of other government agencies.

If Defendant CBP believes that it needs to depart further from this Court's December 29 Order, it is incumbent upon CBP to provide more detail as to the asserted limitations of its technology, in order to provide counsel for Mr. Janfeshan and the Court with an opportunity to minimize any invasion. The December 29 Order, outlining the parameters for CBP's search of Mr. Janfeshan's smart phone, was clear. "CBP, *and any filter team*, shall not open or review any communication between plaintiff and his counsel." Order of Mag. J. Bloom, ECF No. 15. Further, at the conference before this Court on December 29, the Court was also very clear that the government was to use its full technological capacity to accommodate the Court's Order with respect to Mr. Janfeshan's attorney-client privileged information. Status Conf. Tr. 32, Dec. 29, 2016. ("MR SCHACHNER: We'll do that Your Honor. Again, as I was saying before, I just want to confirm with CBP that if as a technical matter that can be done. THE COURT: Again, sir, I am telling you that it can be done and it should be done. MR. SCHACHNER: Okay.").

At a minimum, we ask that Defendant CBP identify which software they have used to conduct the forensic extraction and which software they intend to use to conduct the search of the contents of Mr. Janfeshan's phone that they have now copied and kept. To that end, Mr. Janfeshan also requests any records that address the use of these tools to search and seize some but not all of the contents of a digital device. The Court and Mr. Janfeshan need this information to verify Defendant CBP's claims that it cannot comply with the Court's standing order due to technological limitations.[2]

After Defendant provides those details, if it appears that a filter team would indeed be necessary to proceed, the Court should take all deliberate precaution to minimize invasion of the

---

[2] The software that CBP generally uses in conducting searches and seizures of electronic devices – including but not limited to Cellebrite – is already a matter of the public record. *See, e.g., United States v. Cano*, 2016 WL 6920449, at *1 (S.D. Cal. Nov. 23, 2016) (discussing government's admitted use of Cellebrite technology to search an electronic device); *United States v. Smasal*, 2015 WL 4622246, at *9 (D. Minn. Jun. 19, 2015) (discussing government's use of forensic software like Cellebrite X-Ways, and Internet Evidence Finder). Plaintiff asks for confirmation and clarification of the tools CBP has used and intends to use and their relevant limitations in this context, so that the Court and Plaintiff can assess for themselves the tools' asserted limitations.

attorney-client privilege. To that end, the Court should appoint a Special Master or some other court-appointed filter team to ensure the security of the information the court intended to protect with its initial order or, at a minimum, require that any filter team report in the first instance to the Court and not Defendants about its activities and any challenges encountered in its work. Should additional information from Plaintiff (such as phone numbers or email addresses) proves necessary at that stage, then of course Plaintiff would provide that information.

Mr. Janfeshan also hastens to supplement the information provided to the Court and Defendants regarding his legal team, and would ask to include the attorneys JoJo Annobil and Mustapha Ndanusa to the list of attorneys already submitted. Undersigned counsel notified Mr. Schachner of these additions prior to the filing of this Opposition.

Respectfully submitted,

____/s/_____
Naz Ahmad
Tarek Z. Ismail
Ramzi Kassem
**CLEAR project**
**Main Street Legal Services, Inc.**
CUNY School of Law
2 Court Square
Long Island City, NY 11101
T: (718) 340-4630
F: (718) 340-4478
E: naz.ahmad@law.cuny.edu
*Counsel for Plaintiff*

Cc: Elliot Schachner, Esq.
    Assistant United States Attorney
    Eastern District of New York
    *Counsel for Defendants*
    VIA ECF

3