SLR:EMS:KMA; 2016V03729

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HEMAD JANFESHAN,

                Plaintiff,

  -against-                                           Civil Action No. 16-CV-06915

U.S. CUSTOMS AND BORDER PROTECTION;        (Ross, J.)
KEVIN K. McALEENAN, ACTING COMMISSIONER  (Bloom, M.J.)
U.S. CUSTOMS & BORDER PROTECTION;
U.S. DEPARTMENT OF HOMELAND SECURITY;
ELAINE C. DUKE, ACTING SECRETARY,
U.S. DEPARTMENT OF HOMELAND SECURITY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants U.S. CUSTOMS AND BORDER PROTECTION, KEVIN K. McALEENAN, Acting Commissioner of U.S. Customs and Border Protection, U.S. DEPARTMENT OF HOMELAND SECURITY, and ELAINE C. DUKE,[1] Acting Secretary of Homeland Security, by their attorney, BRIDGET M. ROHDE, Acting United States Attorney, Eastern District of New York, Elliot M. Schachner and Kathleen A. Mahoney, Assistant U.S. Attorneys, of Counsel, answer each correspondingly numbered paragraph of Plaintiff's Second Amended Complain, upon information and belief, as follows:

---

[1] Elaine C. Duke, Acting Secretary of Homeland Security, should be substituted for Defendant John F. Kelly, Secretary of U.S. Department of Homeland Security, pursuant to Fed. R. Civ. P. 25(d).

1

1. This paragraph sets forth Plaintiff's characterization of this action to which no response is necessary. To the extent that a response is deemed necessary or this paragraph contains factual allegations, Defendants deny.

2. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. This paragraph sets forth conclusions of law to which no response is necessary. To the extent that a response is deemed necessary or this paragraph contains factual allegations, Defendants deny.

4. This paragraph sets forth conclusions of law to which no response is necessary. To the extent that a response is deemed necessary or this paragraph contains factual allegations, Defendants deny.

5. This paragraph sets forth Plaintiff's characterization of this action and statement of the the relief he is seeking, and no response is necessary. To the extent that a response is deemed necessary or this paragraph contains factual allegations, Defendants deny.

6. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in this first and third sentences of this paragraph. Defendants admit the allegations in the second sentence of this paragraph. Defendants deny the allegations in the fourth sentence of this paragraph.

7. Defendants admit that Kevin K. McAleenan is employed by U.S. Customs and Border Protection and is named as a Defendant in the Second Amended Complaint, and that Defendant U.S. Customs and Border Protection ("CBP") is a component agency of the U.S. Department of Homeland Security ("DHS"). Defendants deny the remaining allegations in this paragraph.

8. Defendants admit the allegations in the first sentence. The second sentence of this paragraph contains conclusions of law to which no response is necessary. The third sentence in this paragraph contains Plaintiff's characterization of this action and conclusions of law to which no response is necessary.

9. Defendants admit that the U.S. Department of Homeland Security is an agency of the U.S. Government. Defendants deny the remaining allegations in this paragraph, and aver that Elaine C. Duke is the Acting Secretary of Homeland Security.

10. Defendants deny the allegations in this paragraph, and aver that Elaine C. Duke is the Acting Secretary of Homeland Security.

11. This paragraph sets forth conclusions of law to which no response is necessary.

12. This paragraph sets forth conclusions of law to which no response is necessary.

13. This paragraph sets forth conclusions of law to which no response is necessary.

14. This paragraph sets forth conclusions of law to which no response is necessary.

15. This paragraph sets forth conclusions of law to which no response is necessary.

16. Defendants admit the allegations in this paragraph.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. With regard to the allegations in the first sentence of this paragraph, Defendants admit that Plaintiff commenced a prior action, *Janfeshan v. Kerry*, No. 16-CV-4324 (ARR)(LB) in the United States District Court for the Eastern District of New York; aver that Plaintiff filed the complaint in that action on or about August 3, 2016. The second and third sentences of this paragraph set forth Plaintiff's characterization of his allegations in that action; Defendants respectfully refer the Court to the complaint in *Janfeshan v. Kerry*, No. 16-CV-4324 (ARR)(LB)

for an accurate and complete statement of Plaintiff's allegations in that action. Defendants deny the allegations in the fourth (final) sentence in this paragraph.

19. Defendants admit that DHS issued a letter to EgyptAir Airlines, and that the parties reached a resolution in *Janfeshan v. Kerry*, No. 16-CV-4324 (ARR)(LB). Defendants deny the remaining allegations in this paragraph. Defendants aver that the letter issued by DHS stated that it was DHS's position that a carrier that is otherwise in compliance with 8 C.F.R. § 273.3 may transport a lawful permanent resident to the United States without incurring a penalty under Immigration and Nationality Act § 273(b), 8 U.S.C. § 1323(b), where the lawful permanent resident is bearing a valid, but expired, Permanent Resident Card, provided that the card was issued with a 10-year expiration date.

20. Defendants admit that an aircraft carrying or transporting Plaintiff arrived at John F. Kennedy International Airport on November 20, 2016, at approximately 3:15 p.m.; Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21. Defendants admit that on November 20, 2016, two CBP officers met Plaintiff when he landed and escorted him to a room where other travelers were present pending completion of their border inspections. Defendants deny information and knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22. Defendants admit the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph are Plaintiff's characterizations and his subjective impressions to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations.

23. With regard to the allegations in the first sentence of this paragraph, Defendants admit that Plaintiff was brought into a smaller room, deny the remaining allegations, and aver that a pat-down search was conducted. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph. Defendants deny the allegations in the third sentence of this paragraph, and aver that the officers asked Plaintiff to empty his pockets and that Plaintiff removed a cellphone and a wallet from his pockets and placed them on the table. Defendants admit that the cellphone was password-protected, and deny knowledge and information sufficient to form a belief as to the remaining allegations.

24. Defendants admit the allegations in this paragraph.

25. Defendants admit that during his processing on November 20, 2016, Plaintiff was brought into an interview room. Defendants deny information and knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26. Defendants admit that during the inspection on November 20, 2016, Plaintiff was asked questions about where he lived with his family both in Yemen and Egypt. Defendants deny information and knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. Defendants admit that one of the CBP officers (John Doe 1) utilized a cellular telephone during the inspection on November 20, 2016, and deny the remaining allegations in this paragraph.

28. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

29. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

30. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

31. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

32. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

33. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

34. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

35. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

36. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

37. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

38. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

39. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

40. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

41. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

42. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

43. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

44. Defendants admit that during the inspection on November 20, 2016, John Doe 1 asked Plaintiff for the passcode to his cellphone, which was locked, and that Plaintiff refused to provide that information. Defendants deny the remaining allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

45. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

46. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

47. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

48. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

49. Defendants admit that John Doe 2 asked Plaintiff for the passcode to his cellphone and that Plaintiff did not provide the password to him; Defendants deny the remaining allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

50. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

51. Defendants admit the allegations in the first sentence in this paragraph. With respect to the allegations in the second sentence, Defendants admit that Plaintiff unlocked his cellphone four times and allowed John Doe 1 to see the telephone number displayed on the screen; Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence. Defendants admit the allegations in the third (final) sentence in this paragraph.

52. Defendants admit the allegations in this paragraph.

53. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

54. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

55. Defendants deny the allegations in this paragraph, and respectfully refer the Court to the video recording of the inspection of Plaintiff on November 20, 2016, for the accurate and complete statements made during the inspection.

56. Defendants deny the allegations in this paragraph.

57. Defendants admit the allegations in the first and third sentences in this paragraph. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence in this paragraph.

58. Defendants deny the allegations in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. Defendants admit the allegations in this paragraph.

61. Defendants admit the allegations in this paragraph

62. Defendants admit the allegations in this paragraph.

63. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

64. Defendants admit that on April 2, 2014, Plaintiff's cellphone was searched and returned by CBP; Defendants deny information and knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

65. Defendants admit that on April 2, 2014, Plaintiff's cellphone was searched and returned by CBP; Defendants deny information and knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

66. Defendants deny the allegations in the first sentence in this paragraph. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence in this paragraph.

67. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

68. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

69. Defendants admit that the statements contained in this paragraph were included in the email to Naz Ahmad ("Plaintiff's counsel") dated November 25, 2016 (Dkt. #33-2).

70. Defendants admit that the statements contained in this paragraph were included in the email to Plaintiff's counsel dated November 25, 2016.

71. Defendants admit that the statements contained in this paragraph were included in the email dated November 25, 2016.

72. Defendants admit that the email dated November 25, 2016 stated that CBP had identified a "Filter Team" "to conduct a border search of the detained item in order to address the privilege issue [Plaintiff] has raised and to help the officers accomplish their work."

73. Defendants admit that the statements contained in this paragraph were included in the email dated November 25, 2016.

74. Defendants admit that the statements contained in this paragraph were included in the email dated November 25, 2016.

75. Defendants admit that the statements contained in this paragraph were included in the email dated November 25, 2016.

76. Defendants admit that in an email dated November 29, 2016, Plaintiff's counsel responded to a CBP Senior Attorney informing her that Plaintiff objects to the search of his phone, does not consent to the search, and would not provide the passcode. Defendants admit the allegations set forth in footnote 1. Defendants deny the remaining allegations in this paragraph.

77. Defendants admit that Plaintiff's counsel provided the CBP Senior Attorney with a list of names that counsel characterized as names of individuals whose communications with Plaintiff "are attorney-client privileged." Defendants deny the remaining allegations in this paragraph.

78. Defendants admit the allegations in this paragraph.

79. Defendants admit that in an email sent to the Senior CBP Attorney on December 5, 2016, Plaintiff's counsel asked that CBP refrain from the border search of Plaintiff's cellphone until the Court has had an opportunity to weigh in; Defendants deny the remaining allegations.

80. Defendants admit the allegations in this paragraph.

81. Defendants admit that the Court conducted a telephonic conference in *Janfeshan v. Kerry*, No. 16-CV-4324 (ARR)(LB), on December 6, 2016, at which Plaintiff's motion for a

temporary restraining order was discussed, and aver that the conference was conducted by the Honorable Allyne R. Ross, United States District Judge.

82. With respect to the allegations in the first sentence of this paragraph, Defendants respectfully refer the Court to the transcript of the telephonic conference conducted on December 6, 2016, for the accurate and complete statements. Defendants deny the allegations in the second sentence, and respectfully refer the Court to the Order for its accurate and complete contents.

83. Defendants admit that in *Janfeshan v. Kerry*, No. 16-CV-4324 (ARR)(LB), on December 6, 2016, Judge Ross ordered Plaintiff to file his motion for a temporary restraining order in a separate action; Defendants deny the remaining allegations in this paragraph.

84. Defendants admit that Plaintiff filed the Complaint (Dkt. #1) in this action on December 14, 2016; the remainder of this paragraph is Plaintiff's characterization of this action to which no response is necessary. To the extent that a response is deemed necessary or this paragraph contains factual allegations, Defendants deny.

85. Defendants admit the allegations in the first sentence that on December 23, 2016, they filed a letter motion seeking an order permitting CBP to conduct a search of Plaintiff's cellphone, which was docketed as a motion to Amend/Correct/Supplement (Dkt. #9); Defendants deny the remaining allegations in this sentence. Regarding the second sentence of this paragraph, Defendants admit that Plaintiff filed a response to their letter on December 23, 2016, deny the remaining allegations, and respectfully refer the Court to Plaintiff's letter (Dkt. #10) for its correct and complete contents.

86. Defendants admit the allegation in the first sentence of this paragraph that the Court conducted a telephonic conference in this action on December 29, 2016; Defendants deny the remaining allegations in the first sentence, and aver that the conference was conducted by the

Honorable Lois Bloom, United States Magistrate Judge. Regarding the allegations in the second and third sentences, Defendants respectfully refer the Court to the transcript of the telephonic conference conducted on December 29, 2016, for the accurate and complete statements made during the conference.

87. Defendants respectfully refer the Court to the transcript of the telephonic conference conducted on December 29, 2016, for the accurate and complete statements made during the conference.

88. Defendants admit the allegations in this paragraph.

89. Defendants admit the allegations in the first sentence of this paragraph. With regard to the allegations in the second sentence, Defendants admit that in response to Assistant U.S. Attorney Elliot M. Schachner's email dated January 5, 2017, requesting the name of the addressee and the address to which Plaintiff's cellphone should be mailed, Tarek Z. Ismail provided the requested information; Defendants deny the remaining allegations.

90. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

91. With respect to the allegations in the first sentence of this paragraph, Defendants admit that on January 10, 2017, they filed a letter motion asking the Court to modify the Order dated December 29, 2016, to allow for the opening and review of potentially privileged material by CBP's filter or taint team, and that they did not confer with Plaintiff's counsel before filing the motion; Defendants deny the remaining allegations, and aver that the letter motion advised the Court that CBP had not yet commenced the border search. *See* Dkt. #17. Defendants admit the allegations in the second sentence. With respect to the parenthetical following the second sentence,

Defendants respectfully refer the Court to their letter dated January 10, 2017 (Dkt. #17) for the correct and complete statement.

92. Defendants admit.

93. Defendants admit, and aver that the telephonic conference was conducted by the Honorable Lois Bloom, United States Magistrate Judge.

94. Defendants admit.

95. Defendants admit.

96. This paragraph and its subparagraphs purport to characterize CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents.

97. This paragraph selectively quotes from CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents.

98. This paragraph characterizes the contents of CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents.

99. This paragraph characterizes the contents of CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents.

100. This paragraph characterizes the contents of CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents.

101. This paragraph characterizes the contents of CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents.

102. This paragraph characterizes the contents of CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents.

103. The first sentence of this paragraph characterizes the contents of CBP Directive 3340-049 "Border Search of Electronic Devices Containing Information" (Aug. 20, 2009); Defendants respectfully refer the Court to CBP Directive 3340-049 (Dkt. #31-1) for its true and complete contents. Defendants deny the remaining allegations in this paragraph.

104. Defendants deny that Defendants other than CBP and its officials act pursuant to established CBP policies and directives. Defendants admit the remaining allegations.

105. Defendants admit that no warrant has been produced. The remainder of this paragraph sets forth conclusions of law to which no response is necessary.

106. This paragraph is a characterization of the contents of Defendants' letter dated January 10, 2017 (Dkt. #17). Defendants respectfully respectfully refer the Court to their letter for its true and complete contents.

107. Defendants deny the allegations in this first sentence of this paragraph. With respect to the language quoted in the parenthetical, Defendants respectfully refer the Court to cited document (Dkt. #26) for its true and complete contents.

108. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

15

109. Defendants admit that CBP searched Plaintiff's phone on a prior occasion upon his return to the United States; Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

110. Defendants deny the allegations in this paragraph.

111. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence in this paragraph. With regard to the allegations in the second sentence, Defendants admit that at approximately 6:00 p.m. on November 20, 2016, a passcode was required to unlock Plaintiff's cellphone; Defendants deny information and knowledge sufficient to form a belief as to the truth of the remaining allegations.

112. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations concerning the contents of Plaintiff's cellphone; the allegations concerning attorney-client privilege are conclusions of law as to which no response is necessary.

113. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

114. Defendants admit that Plaintiff has a pending application for naturalization and to renew his permanent resident card with United States Citizenship and Immigration Services ("USCIS"). Defendants deny information and knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

115. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

116. Defendants deny the allegations in this paragraph.

117. Defendants deny information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

118. Defendants incorporate their answers to ¶¶ 1 through 117 as if they were set forth here in full.

119. This paragraph sets forth conclusions of law to which no response is necessary.

120. This paragraph sets forth conclusions of law to which no response is necessary.

121. Defendants incorporate their answers to ¶¶ 1 through 120 as if they were set forth here in full.

122. This paragraph sets forth conclusions of law to which no response is necessary.

123. This paragraph sets forth conclusions of law to which no response is necessary.

124. This paragraph sets forth conclusions of law to which no response is necessary.

125. Defendants incorporate their answers to ¶¶ 1 through 124 as if they were set forth here in full.

126. This paragraph sets forth conclusions of law to which no response is necessary.

127. Defendants incorporate their answers to ¶¶ 1 through 126 as if they were set forth here in full.

128. This paragraph sets forth conclusions of law to which no response is necessary.

129. This paragraph contains Plaintiff's Prayer for Relief to which no response is necessary.

130. This paragraph contains Plaintiff's Prayer for Relief to which no response is necessary.

131. This paragraph contains Plaintiff's Prayer for Relief to which no response is necessary.

132. This paragraph contains Plaintiff's Prayer for Relief to which no response is necessary.

133. This paragraph contains Plaintiff's Prayer for Relief to which no response is necessary.

## DEFENSES

1. Plaintiff fails to state a claim for relief for violation of the Fourth Amendment to the United States Constitution.

2. Plaintiff fails to state a claim for relief for violation of the Fifth Amendment to the United States Constitution.

3. There is no jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 706(2).

4. Plaintiff fails to state a claim for relief under the Administrative Procedure Act, 5 U.S.C. § 706(2).

5. There is no supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff fails to state a claim for relief under N.Y. C.P.L.R. § 4305(a).

7. Plaintiff is not entitled to a declaratory judgment.

8. Plaintiff is not entitled to injunctive relief.

9. Plaintiff's claims are barred by laches.

10. Plaintiff failed to timely appeal the Orders dated December 29, 2016 and January 17, 2017 concerning Defendants' retention and search of his cellphone.

11. Plaintiff is not entitled to attorney fees, costs or disbursements under the Equal Access to Justice Act, 28 U.S.C. § 2412.

WHEREFORE, Defendants respectfully request that judgment be entered dismissing Plaintiff's Second Amended Complaint and granting such other and further relief as the Court

deems just and proper, including Defendants' costs and disbursements.

Dated: Brooklyn, New York
September 18, 2017

BRIDGET M. ROHDE
ACTING U.S. ATTORNEY
Eastern District of New York
Attorney for Defendants
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York  11201

BY: /s
ELLIOT M. SCHACHNER
KATHLEEN A. MAHONEY
Assistant U.S. Attorneys
(718) 245-6053/6026
elliot.schachner@usdoj.gov
kathleen.mahoney@usdoj.gov

TO: Naz Ahmad, Staff Attorney
Tarek Z. Ismail, Senior Staff Attorney
Ramzi Kassem, Director
CLEAR project
Main Street Legal Services, Inc.
Attorneys for Plaintiff

Jennifer R. Cowan
Debevoise & Plimpton LLP
Attorneys for Plaintiff