FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 01 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

HEMAD JANFESHAN,

         Plaintiff,

  -against-

U.S. CUSTOMS AND BORDER PROTECTION;
KEVIN K. McALEENAN, ACTING COMMISSIONER
U.S. CUSTOMS & BORDER PROTECTION;
U.S. DEPARTMENT OF HOMELAND SECURITY;
ELAINE C. DUKE, ACTING SECRETARY,
U.S. DEPARTMENT OF HOMELAND SECURITY,

         Defendants.

------------------------------X

Civil Action No. 16-CV-06915

(Ross, J.)
(Bloom, M.J.)

## ORDER FOR THE PROTECTION
## OF MATERIALS AND INFORMATION

    WHEREAS, Plaintiff Hemad Janfeshan ("Plaintiff") brought the above-captioned action against Defendants U.S. Customs & Border Protection, Kevin McAleenan, Acting Commissioner of U.S. Customs & Border Protection, U.S. Department of Homeland Security, and Elaine C. Duke, Acting Secretary, U.S. Department of Homeland Security (collectively, "Defendants") pursuant to, *inter alia*, the Fourth and Fifth Amendments to the United States Constitution;

    WHEREAS, the parties will be producing certain materials or disclosing certain information pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure that they deem to be confidential or sensitive or otherwise inappropriate for disclosure beyond this litigation;

1

WHEREAS, certain materials and information that the parties are producing are protected from disclosure by various privileges and/or federal and state privacy laws and regulations, including, but not limited to, the Privacy Act of 1974, 5 U.S.C. § 522a ("Privacy Act"); and

WHEREAS, in order to permit the parties to discover such certain materials and information relevant to the subject matter of this case without making this confidential or privileged information public, the Court hereby enters this Order for the Protection of Materials and Information ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 522a(b)(11), for the purposes of assuring the protection and confidentiality of such materials and information.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. Plaintiff and Defendants may designate materials and information as "Confidential" and "Attorneys' Eyes Only."

2. Plaintiff and Defendants may designate as "Confidential Material" any materials, answers to interrogatories, responses to requests for admissions, testimony or other information in this litigation that contains information that is: covered by the Privacy Act; protected by the law enforcement privilege; Department of Homeland Security ("DHS") personnel and disciplinary related records; medical records; information that the parties agree is subject to this Protective Order; information that is otherwise sensitive; and information that the Court directs be produced subject to this Protective Order. The parties shall designate "Confidential Material" by placing on the documents, records and/or information to be produced a "Confidential" notice or its equivalent.

3. Plaintiff or Defendants may designate "Confidential Material" that they have good cause to believe is of a highly sensitive nature and should not be copied or transmitted to anyone other than the attorneys in this case as "Attorneys' Eyes Only." The parties shall designate such materials

or information by placing on the documents, records and/or information to be produced a "Subject to Protective Order – Attorneys' Eyes Only" notice or the equivalent.

4. Materials and information designated as "Confidential Material" and "Attorneys' Eyes Only" shall be used for the purposes of this litigation, and shall not be published to the general public in any form or used for any business or commercial purpose.

5. If any party contests the designation of particular materials or information as "Confidential Material" or "Attorneys' Eyes Only," then that party may bring an appropriate application in this Court as governed by the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York. The process shall begin with the contesting party initiating a meet and confer process to attempt to resolve the dispute. If after engaging in the meet and confer process, the contesting party still contends that a designation was not proper, that party shall notify the producing party in writing of its objection to the confidentiality designation. The producing party then has thirty (30) days from receipt of such written notice to apply to the Court for an order specifically designating the disclosure at issue as "Confidential Material" or "Attorneys' Eyes Only," as applicable. If such an application to the Court is made, the parties shall comply with the procedures set forth in paragraph 11. Materials designated as "Confidential Material" or "Attorneys' Eyes Only" shall remain so designated and be treated as such unless and until there is a ruling to the contrary by the Court.

6. The parties shall not make copies of "Confidential Material" except to the extent necessary for the litigation of this action and the parties' preparation of this action for trial.

7. Materials and information designated as "Confidential Material" may be disclosed by the parties or their respective counsel to the following persons: (a) the parties to this litigation, their counsel (including in-house counsel), and their employees who may be reasonably necessary

to aid counsel in the prosecution or defense of this action, but only for as long as necessary for the conduct of this litigation; (b) counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff; (c) outside vendors who perform photocopying, microfiching, computer classification, or similar clerical functions, but only for the time period necessary to perform those services; (d) the Court and its personnel provided that such confidential information is filed under seal in accordance with paragraph 11 of this Protective Order; (e) court reporters who record depositions or other testimony in this case; (f) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (g) witnesses at any deposition in this action, subject to the provisions of paragraph 10 of this Protective Order; (h) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of this action; (i) witnesses expected to testify at trial; and (j) any other person to whom the party who originally designated the material as "Confidential" agrees in writing after being given five (5) business days written notice.

8. The right of access to materials and information designated as "Attorneys' Eyes Only" shall be limited to the following authorized individuals: (a) the parties to this litigation, their counsel (including in-house counsel), and their employees to the extent that such disclosure is deemed reasonably necessary by such party's counsel for the conduct of this litigation, and for only so long as necessary for the conduct of the litigation; (b) present or former employees or representatives of the United States of America, or any entity or individual who may be examined and may testify concerning any materials and information designated as "Attorneys' Eyes Only;" (c) experts and consultants and their staff who are retained by any party or the party's counsel to assist in this action; (d) qualified persons taking or recording testimony involving such materials

4

or information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians); (e) Judges and Magistrate Judges of the Court and their staff; and (f) Clerk of the Court and his staff.

9. Each person to whom materials or information deemed "Attorneys' Eyes Only" are disclosed shall: (a) maintain the designated materials and information in a secure location; (b) not reveal the designated materials and information to any person not authorized by and already subject to this Protective Order or other order of the Court; (c) not reveal or use "Attorneys' Eyes Only" designated materials and information, except for the purpose of assisting the parties in preparing and litigating this action; and (d) not duplicate or copy "Attorneys' Eyes Only" designated materials and information, except when submitting copies for the purpose of making a motion before the Court or for use at trial.

10. All individuals to whom materials and information deemed "Confidential Material" or "Attorneys' Eyes Only" are disclosed shall be informed of and shall agree with the terms of this Protective Order, and shall not disclose or use "Confidential Material" or "Attorneys' Eyes Only" information, except in compliance with this Protective Order, and shall acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgement form, which is attached as Exhibit A. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for both parties.

11. Prior to filing any materials or information that have been designated as "Confidential Material" or "Attorneys' Eyes Only" in accordance with the terms of this Protective Order in any pleadings, motions or other papers that are to be filed with the Court, the parties shall apply to the Court for permission to file such information or documents "under seal." If the party's application is granted, the materials or information to be filed "under seal" shall be filed electronically using

a filing option that allows the materials to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the materials or information filed "under seal" if feasible, given the information that needs to be redacted.

12. Nothing in this Protective Order shall preclude any disclosure of materials or information that is subject to this Protective Order to any judge, magistrate judge, or employee of the Court for purposes of this case.

13. Plaintiff's counsel shall not disclose materials or information deemed "Confidential Material" to any third party not specified in Paragraph 7 or any unauthorized person without further order of the Court or stipulation by the parties. Plaintiff's counsel shall not disclose materials or information deemed "Attorneys' Eyes Only" to Plaintiff, any third party not specified in Paragraph 8, or any unauthorized person without further order of the Court or stipulation by the parties.

14. Nothing in this Protective Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing materials or information designated as "Confidential Information" or "Attorneys' Eyes Only" as the United States, its agencies, and its employees, would otherwise be authorized to do by law absent entry of the Protective Order. Notwithstanding the foregoing sentence, Plaintiff may request, in writing to counsel for Defendants, that specific "Confidential Information" or "Attorneys' Eyes Only" information designated and being disclosed by Plaintiff not be disclosed to persons other than those described in paragraph 7 of this Protective Order. Plaintiff shall make such written request at the time that Plaintiff serves a written response to the discovery request(s) to which the "Confidential Information" is responsive. If the specific "Confidential Information" "Attorneys' Eyes Only" information is disclosed during a deposition, Plaintiff shall make the request orally at the time of the disclosure and submit the written request (described in the second sentence of this paragraph)

before the end of the next business day. In the event that Defendants reject Plaintiff's request, Defendants shall so advise Plaintiff's counsel in writing, and Plaintiff may apply within three (3) business days of the rejection to the Court for an order prohibiting Defendants, notwithstanding the first sentence of this paragraph, from disclosing the specified "Confidential Information" "Attorneys' Eyes Only" information to persons other than those described in paragraph 7 of this Protective Order. From the time Defendants receive a timely written or oral request as detailed above, they shall not disclose the specified "Confidential Information" or "Attorneys' Eyes Only" information to persons other than those described in paragraph 7 of this Protective Order unless and until the Court rules that they are permitted to do so if Plaintiff has makes a timely application to the Court after Defendants deny his request.

15. All "Confidential Material" and "Attorneys' Eyes Only" information supplied by Defendants and all copies thereof shall be returned to counsel for Defendants within ninety (90) days of the conclusion of this litigation through settlement and completion of all settlement terms, or if applicable, after all trial and/or appellate proceedings have been completed. In the alternative, counsel for Plaintiff may certify in a signed writing addressed to counsel for Defendants that all "Confidential Material" and "Attorneys' Eyes Only" information has been destroyed.

16. All "Confidential Material" and "Attorneys' Eyes Only" information supplied by Plaintiff and all copies thereof shall be returned to counsel for Plaintiff within ninety (90) days of the conclusion of this litigation through settlement and completion of all settlement terms, or if applicable, after all trial and/or appellate proceedings have been completed. In the alternative, counsel for Defendants may certify in a signed writing addressed to counsel for Plaintiff that all "Confidential Material" and "Attorneys' Eyes' Only" has been destroyed.

17. Inadvertent production or disclosure of any "Confidential Material" or materials or information deemed "Attorney's Eyes Only" that was not marked "Confidential" or "Subject to Protection Order – Attorneys' Eyes Only" shall not in and of itself be deemed a waiver of any claim of confidentiality as to those materials or information. If a party fails to mark an item as "Confidential Material" or "Subject to Protection Order – Attorneys' Eyes Only" at the time of production or disclosure, the party may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked "Confidential" or "Subject to Protection Order – Attorneys' Eyes Only," as applicable. In the event of inadvertent production or disclosure, the producing party may provide written notice to the other parties identifying the material inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing party all such material, and copies thereof, in his, her or its possession.

18. This Protective Order does not constitute a ruling on the question of whether any particular materials or category of information is properly discoverable and does not constitute a ruling on any potential objection to discoverability, relevance, or admissibility of the materials or information. Nor does this Protective Order constitute a ruling on the question of whether a party or the United States may withhold any particular document or category of information on the basis of privilege.

19. This Protective Order does not constitute a waiver of any privilege or defense that the parties or the United States may have regarding the production of the requested materials or information. Thus, this Protective Order cannot be used as evidence of a waiver of any production objection, including, but not limited to, relevance, undue burden, over breadth, ambiguity, or that the information sought will not lead to the discovery of admissible evidence.

20. This Protective Order is without prejudice to the rights of the parties to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. This Protective Order shall not prejudice in any way the right of the parties to apply to the Court for a modification of this Protective Order or a further protective order relating to any confidential information.

21. The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552(a)(B)(11) to produce records and information pursuant to the terms of this Stipulation and Order that would otherwise be protected from disclosure by the Privacy Act.

Dated:

SO ORDERED:

/S/ Judge Lois Bloom
_____
HONORABLE LOIS BLOOM    12/1/17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
HEMAD JANFESHAN,

                        Plaintiff,

   -against-

U.S. CUSTOMS AND BORDER PROTECTION;
KEVIN K. McALEENAN, ACTING COMMISSIONER
U.S. CUSTOMS & BORDER PROTECTION;
U.S. DEPARTMENT OF HOMELAND SECURITY;
ELAINE C. DUKE, ACTING SECRETARY,
U.S. DEPARTMENT OF HOMELAND SECURITY,

                   Defendants.
------------------------------------X

**ACKNOWLEDGMENT FORM
FOR PROTECTIVE ORDER**

Civil Action No. 16-CV-06915

I, _____, being duly sworn, state:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have read and understand the provisions of the Order for the Protection of Materials and Information in this case, and I will comply with all of its provisions.

5. I will hold in confidence, and not disclose to anyone not qualified under the Order for the Protection of Materials and Information, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" solely that have been disclosed to me.

6. I will limit my use of "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" material and information solely to the purpose of this lawsuit.

Dated: _____       Signed: _____